IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF WISCONSIN

---

ARJUN DHAKAL,

                Plaintiff,

  v.

JEFF B. SESSIONS, in his official capacity as Attorney General of the United States; JAMES MCCAMENT, in his official capacity as Deputy Director of the United States Citizenship and Immigration Services; KENNETH S. MADSEN, in his official capacity as the Director of the Chicago Asylum Office,

                Defendants.

OPINION & ORDER

17-cv-10-jdp

---

Plaintiff, Arjun Dhakal, is a native of Nepal who now lives and works in Johnson Creek, Wisconsin. Dhakal was politically active in Nepal as an opponent of the Maoist government, and he contends that he was persecuted as a result. So Dhakal applied for asylum to the U.S. Citizenship and Immigration Services (USCIS), but his application was denied. Dhakal brings this lawsuit to contest the denial of his application for asylum under the Administrative Procedure Act (APA), which provides that "a person suffering legal wrong because of agency action, or adversely affected or aggrieved by agency action within the meaning of a relevant statute, is entitled to judicial review." 5 U.S.C. § 702.

Dhakal's circumstances and his lawsuit are somewhat unusual because, under the Immigration and Nationality Act, immigration matters are typically heard by administrative immigration judges, and then appealed to the Board of Immigration Appeals, and from there to the circuit courts of appeals. Defendants contend that Dhakal must take the typical path and move to dismiss on the ground that this court does not have jurisdiction over his case. Dkt. 10.

According to defendants, Dhakal needs to wait for Immigration and Customs Enforcement (ICE) to initiate removal proceedings against him, and Dhakal can make his case for asylum to the immigration judge in that proceeding. If the decision goes against him, he can appeal, and ultimately he will get judicial review in the Seventh Circuit, not the district court. Defendants are correct that under *Kashani v. Nelson*, 793 F.2d 818 (7th Cir. 1986), the denial of an application for asylum is not reviewable in district court, and the asylum seeker must pursue the administrative remedies available on the typical path under the Immigration and Nationality Act. *See also McBrearty v. Perryman*, 212 F.3d 985, 987 (7th Cir. 2000) (holding that district court review was barred because administrative review would be available if and when a removal proceeding is initiated).

But there is a complication in Dhakal's case: he is not vulnerable to a removal proceedings because Nepal has been designated for Temporary Protected Status (TPS).[1] This means that people from Nepal can remain in the United States and are not subject to removal, so long as they register for TPS eligibility, as Dhakal has. Nepal's TPS status has been extended to June 24, 2018. And it's conceivable that it might be extended again. So, Dhakal argues, the normal administrative remedies are not actually available to him.

Generally, the exhaustion requirement under the APA may be excused if administrative remedies are not available. *Iddir v. I.N.S.*, 301 F.3d 492, 498 (7th Cir. 2002). In *Iddir*, the Seventh Circuit suggested that the "indefinite timeframe" of some future removal action would be a sufficient basis to excuse the requirement of administrative exhaustion. *Id*. at 498-99.

---

[1] Because of the 2015 earthquake, Nepal was given Temporary Protected Status on June 24, 2015. On October 26, 2016, the designation was extended until June 24, 2018. *See Extension of the Designation of Nepal for Temporary Protected Status*, 81 FR 74470 (Oct. 26, 2016).

In reply, defendants argue that administrative remedies would be available to Dhakal if he surrenders his TPS eligibility, thus exposing himself to possible removal proceedings. The court is not persuaded by this argument for two reasons. First, defendants cite no authority to show that an administrative remedy is available if one has to sacrifice one's rights to get it. Second, even if Dhakal surrendered his TPS status, there is no certainty that ICE would initiate them, and thus Dhakal's remedies would be available only in some "indefinite timeframe" in the future.

The court is sympathetic to Dhakal's position, which is supported by the commentary in *Iddir*. Although Dhakal is not facing removal, his wife and children remain in Nepal. And because Dhakal was not granted asylum, he does not have the opportunity to bring his family to the United States as derivative asylees. *See* 8 U.S.C. § 1158(b)(3)(A). And, at the moment at least, there is nothing he can do about it, even though he appears to have good arguments on the merits of his claim for asylum.

But still, the closest on-point precedent is *Kashani*, and its holding is endorsed by *McBrearty,* which acknowledged that the administrative remedy available in a removal proceeding was contingent on the removal proceeding being brought in the first place. And even if Dhakal were entitled to skip the exhaustion process, review would be in the court of appeals, not the district court. *Kashani*, 793 F.2d at 821. Accordingly, the court will grant defendants' motion and dismiss Dhakal's case. The guidance of the court of appeals will be greatly appreciated.

The Clerk is directed to enter judgment dismissing this action for lack of subject matter jurisdiction.

ORDER

IT IS ORDERED that:

1. Defendants' motion to dismiss, Dkt. 10, is GRANTED.

2. This action is DISMISSED without prejudice for lack of jurisdiction.

Entered September 21, 2017.

BY THE COURT:

/s/
_____
JAMES D. PETERSON
District Judge